## HURD VS. JARVIS.

1. ATTACHMENT — FACTS TO BE SHOWN FOR. Under a statute which provides that a writ of attachment may issue, upon showing that the defendant is about *fraudulently* to remove, convey or dispose of his property, to hinder and delay his creditors, the facts must show that the defendant is so acting with his property, out of its ordinary and necessary use, as to produce a reasonable conviction that a fraudulent disposition thereof is intended.
2. AFFIDAVIT FOR WRIT. An affidavit showing that the defendant is using his property in the only way in which it could be of any value and is strictly conforming to the usages and customs of business, furnishes no ground for the writ, and hence, an affidavit showing that the defendant was on his way down the Wisconsin river to the southern market with a raft of lumber which he was removing out of the Territory, and which was all the property he owned, did not show any cause for an attachment.
3. ATTORNEY — COURT COMMISSIONER. It is not competent for an attorney who is also a court commissioner to allow a writ, by which an action is to be commenced by him, as attorney for a client.

ERROR to the District Court for *Dane* County.

*Hurd* sued out a writ of attachment against *Jarvis*, upon the following affidavit and indorsement of allowances thereof:

"*Elliot Hurd*, the above-named plaintiff, being duly sworn, doth depose and say, that *Harris Jarvis* is justly indebted to him, arising out of a contract under seal, in the sum of $700, and that the said *Jarvis* is about fraudulently to remove, convey or dispose of his property, so as to hinder him, the said affiant, the creditor of said *Jarvis*, from collecting his said debt.

"The reasons and circumstances upon which the belief of the above facts are founded are as follows: that the above defendant is now on his way down the Wisconsin river with a large raft of pine lumber, bound for the southern market, and is now removing the same out of this Territory; that the said lumber is all the property that said *Jarvis* owns in said Territory or elsewhere to the knowledge of this affiant."

Upon which was the following indorsement:

"I, Alexander Botkin, a supreme court commissioner in and for the county of Dane, do certify that I am satisfied of the truth of the within affidavit, and that a writ of attachment herein be allowed, and that the clerk of the said district court do issue said writ, in accordance with the law in such cases.

"A. BOTKIN,
"*Supreme Court Commissioner.*"

The defendant moved the court to dismiss the proceedings, because the facts set out in the affidavit did not show any thing fraudulent or dishonest against the defendant and for other irregularities. The district court sustained the motion and dismissed the suit.

*J. G. Knapp*, for plaintiff in error, to show that the affidavit was sufficient, and that the case ought not to be dismissed in a summary way, but the defendant should be put to a traverse of the charge upon which evidence could be produced by both sides, cited Cow. Tr. 476 ; 2 N. Y. R. S. 162, § 26 ; 1 id. 764 ; 2 Yeates, 277 ; 2 Wend. 298 ; 1 id. 43 ; 3 Caines, 557. The indorsement of the supreme court commissioner was a judicial act and cannot be questioned.

*Abbott & Catlin*, for defendant in error.

DUNN, C. J. A writ of error is prosecuted in this case to reverse the judgment of the district court rendered herein, on a motion by the defendant to dismiss the proceedings in the cause for reasons assigned, at the November term of said court in 1843.

The ground taken in the motion by defendant to dismiss, was, "that the facts set up in the affidavit of the plaintiff were not sufficient in the law to authorize the issuing of the writ of attachment."

The plaintiff asserts in his affidavit "That the defendant *Jarvis* is justly indebted to him, in the sum of $700 arising out of a contract under seal; that he

(defendant) is about *fraudulently* to remove, convey, or dispose of his property, so as to hinder him, the said affiant, the creditor of said Jarvis, from collecting his said debt." "The reasons and circumstances upon which the belief of the above facts is founded are, that the above-named defendant is now on his way down the Wisconsin river with a large raft of pine lumber, bound for the southern market, and is now removing the same out of this Territory. That said lumber is all the property said *Jarvis* owns in said Territory or elsewhere to the knowledge of affiant."

We need not look any further than the affidavit in this case, no authority can sustain it. The patent defects, glaring upon its face condemn it, and no support in reason and law can be found for it. When the fact, "that a defendant is about *fraudulently* to remove, convey or dispose of his property to hinder or delay his creditors," is a ground for proceeding in attachment; the facts stated to sustain the position, should show that the defendant is so acting with his property, out of its *ordinary* and *necessary* use, as to produce the reasonable conviction that a fraudulent disposition thereof is intended. To state in the affidavit, circumstances showing that defendant is using his property in the only way in which it could be of any value whatever, and strictly conforming to the usages and customs observed in that line of business by persons so engaged, furnishes no ground whatever to authorize the writ of attachment. As well might you say that the same position can be maintained against a merchant by stating the fact that he is daily making large sales of his merchandise in the customary way, by sending it to the best markets, and has no other property to the knowledge of the affiant. Such a construction would put a stop to some of our most useful and necessary branches of business, and deprive debtors of the means of meeting their contracts, by the exercise of enterprise and industry, the only capital which a poor man possesses.

Hurd vs. Jarvis.

From an inspection of the record in this case, we find that one of the plaintiff's attorneys allowed the writ of attachment, as supreme court commissioner. Upon this we make the intimation, that if the affidavit had been otherwise good and the district court had sustained a motion to dismiss, upon an objection to the officer who allowed the writ, he being one of the plaintiff's attorneys, this court would be much inclined to sustain the decision. The streams of justice should be preserved not only pure and unsullied, but free from even suspicion. The judgment of the district court of Dane county is affirmed, with costs.